## Harry A. Ressler, Inc. v. Meyer

*Barley, Snyder, Cooper & Mueller,* for petitioner.
*Herr, Kirchner & Herr,* contra.

JOHNSTONE, *P. J.,* July 11, 1975.—Plaintiff in the confessed judgment 1973, no. 2865, has filed its petition for a rule to show cause why the Sheriff of Lancaster County should not be directed to accept and execute a writ of execution on real estate owned by defendants. An answer was filed by defendants and depositions of the parties have been taken and filed of record. Argument on the record was heard by the court sitting en banc.

Defendants executed and delivered to plaintiff a judgment note dated June 19, 1973 in the sum of $9,505.04, with interest at the rate of eight percent. The consideration for this note was the balance due on an open book account and the extension of credit for future purchases of materials to be used in defendants' contracting business. All of the purchases both before and after the note was given were commercial transactions, none of them being consumer credit. At the same time the note was executed and delivered, defendants executed a

paper entitled "waiver of rights" which is a part of this record.

Defendants made additional purchases after the execution of the note and waiver and made certain payments on account. However, defendants did not pay $300 on account of their debt as they had promised to do. No payments have made by defendants to plaintiff since July 3, 1974. On November 9, 1974, the confessed judgment, which is the subject of this rule, was entered in the office of the Prothonotary of Lancaster County. The Sheriff of Lancaster County refused to levy on defendants' real estate as directed by plaintiff because the basis of the execution was a confessed judgment. For this reason, plaintiff presented its petition and was granted a rule on defendants to show cause why their real estate should not be sold in satisfaction of the judgment.

The only question raised by defendants is that the wife, Ruth Ann Meyer, did not sign the rights waiver except as a witness. Admittedly, she signed the note and the rights waiver on one occasion. A comparison of the two signatures of Ruth Ann Meyer on the rights waiver and her signature on the note leads to only one conclusion to a non-expert on handwriting and that is that both signatures on the rights waiver are those of Ruth Ann Meyer. This conclusion is reinforced beyond any doubt by the depositions which describe the obtaining of Ruth Ann Meyer's second signature to the rights waiver. We can only conclude that Ruth Ann Meyer's denial is either a fabrication or a complete loss of memory.

Admittedly, defendants signed the note in question; admittedly, they received good consideration for the note; admittedly, they authorized the entry of judgment on the note; admittedly, they received

notice of the filing of the note as a judgment; and, admittedly, they have taken no steps to open the judgment or to have it stricken from the record. We find no fault in the entry of the judgment or in its validity. The cases Swarb v. Lennox, 405 U. S. 191, 92 S. Ct. 767 (1971), and D. H. Overmyer Co., Inc. v. Frick Co., 405 U. S. 174, 92 S. Ct. 775 (1971), are no help to defendants. The fact is that those cases are supportive of the validity of plaintiff's judgment.

And now, July 11, 1975, the rule granted to show cause why the Sheriff of Lancaster County should not accept a writ of execution on the confessed judgment 1973, no. 2865 and levy on defendants' real estate is discharged and the Sheriff of Lancaster County is directed to accept such a writ and execute the same.